## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Benjamin E. Blaisdell

v.

Marriott C. Johnson, Jr.

November 7, 1985

By JUDGE JOHN A. JAMISON

I have reviewed my bench notes made during your arguments in the above matter at the hearing last month and have studied the memoranda of counsel. For the defendant, Mr. Harman has filed a Motion for Protective Order and for the plaintiff, Mr. Thorsen has filed a Motion to Compel Discovery. Both motions concern the same issue of whether the defendant can be compelled to answer questions at the pre-trial deposition that require his expert opinion.

It should be noted that the court is aware that there are no Virginia Supreme court cases directly in point. Therefore, the circuit court opinions submitted by both attorneys have been very helpful.

Depositions of the defendant-physician were taken on July 18, 1985. At that time, the defendant was asked to articulate his understanding as to the standard of care in Virginia and as to whether he had performed at that level in his treatment of Benjamin E. Blaisdell. Discovery, since its inception has been progressively broadened. The Rules of the Supreme Court, Part 4, clearly express the Supreme Court's intention that it have almost no limitations. Since no arguments were made that the information sought was privileged or irrelevant, the only exceptions in Rule 4:1(b), the Court must require the defendant to answer this particular inquiry.

In the same deposition, the defendant was presented an X-ray of Benjamin Blaisdell's elbow taken one year after the defendant had concluded his treatment and after an intervening injury to the elbow had occurred. From the evidence recounted by counsel and from the arguments, it appears that the defendant was not provided with sufficient information to make an accurate diagnosis by merely viewing the plaintiff's X-ray. However, even if the defendant had analyzed such information, it appears to be simply irrelevant to this cause of action because of the intervening injury. Therefore, the Court finds that this subject area in the deposition is irrelevant to this case and the defendant is not required to offer his expert opinion on the X-ray.